Case 2:18-cv-10128-SDW-SCM   Document 1   Filed 06/04/18   Page 1 of 6 PageID: 1

MaryJane Dobbs, Esq.
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, New Jersey 07932
Tel. (973) 514-1200
Facsimile: (973) 514-1660
E-Mail: mjdobbs@bressler.com
*Attorneys for Defendants*
*Estes Express Lines and Scottie Thompson*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Estate of AXEL MORAN, deceased, by YOLANDA NOVOTNY, as Executrix of the Estate<br><br>          Plaintiff,<br><br>     v.<br><br>SCOTTIE THOMPSON; ESTES EXPRESS LINES; STEVEN MAGAN; ILKHAM AKHMEDOV; M&R TRANSPORT LLC; JOHN DOES 1-10 (said names being fictitious names, real names unknown); and ABC COMPANIES 1-10 (said names being fictitious, real names unknown)<br><br>          Defendants. | Docket No.: 2:18-cv-10128<br><br>Civil Action<br><br><br><br>**NOTICE OF REMOVAL**<br>**(Diversity)** |

TO: William T. Walsh, Clerk of Court
    United States District Court for the District of New Jersey

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, and with a full reservation of any and all rights, claims, objections and defenses, Defendants Estes Express Lines and Scottie Thompson ("Defendants"), by and through their attorneys, Bressler, Amery & Ross, P.C., hereby remove this action from the Superior Court of New Jersey, Law Division, Essex County ("Superior Court") to the United States District Court for the District of New Jersey. As their reasons for removal, the Defendants respectfully state as follows:

**THE REMOVED CASE**

1. On May 1, 2018, Plaintiff, Estate of Axel Moran, deceased, by Yolanda Novotny, as Executrix of the Estate, commenced a civil action in the Superior Court entitled *Estate of Axel Moran v. Scottie Thompson et al.*, Docket No. ESX-L-003105-18 ("State Court Action"). As required by 28 U.S.C. § 1446(a), true and complete copies of all process, pleadings, orders, and other papers or exhibits filed in the State Court Action, as of the date of this Notice of Removal, are attached hereto as Exhibit A.

2. Defendant Scottie Thompson and Defendant Estes Express Lines were served with, and first received notice of, Plaintiff's Complaint in the State Court Action on May 12, 2018 and May 15, 2018, respectively. Because this Notice of Removal is being filed on June 4, 2018—within thirty days' of the Defendants' first receipt of the State Court Action—this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

3. Plaintiff has not filed in the Superior Court proofs of service regarding Defendants Steven Magan, Ilkham Akhmedov, and M&R Transport, LLC.

4. Upon such information and belief, to date, only Defendants Thompson and Estes Express Lines have been served with the Plaintiff's Complaint, and those Defendants consent to the removal of the State Court Action to this Court. Accordingly, "all defendants who have been properly joined *and* served [thus far]. . . consent to the removal" of the State Court Action. 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

**THE BASIS FOR JURISDICTION OVER THE STATE COURT ACTION: DIVERSITY OF CITIZENSHIP**

5. As explained below, the State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441 because: (1) this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a), which provides, in relevant part, that this Court "shall have

original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States;" and (2) the forum defendant rule does not preclude removal since none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought[,]" 28 U.S.C. 1441(b)(2).

6.      According to the Plaintiff's Complaint, Plaintiff Estate of Axel Moran, deceased, by Yolanda Novotny, Executrix of the Estate, is a citizen of the State of New Jersey who resided at 57 Tiffany Boulevard, Newark, New Jersey 07104.

7.      Defendant Scottie Thompson is a citizen of the State of Rhode Island who resides at 12 Monongahela Avenue, North Providence, Rhode Island 02908.

8.      Defendant Estes Express Lines is a citizen of the Commonwealth of Virginia, where it is incorporated and where it has its principal place of business at 3901 West Broad Street, Richmond, Virginia 23230.

9.      According to the police report of the accident that allegedly gives rise to the Plaintiff's causes of action in this matter, attached hereto as Exhibit B, Defendant Steven Magan is a citizen of the Commonwealth of Massachusetts who resides at 24 High Street, Marlborough, Massachusetts 01752.

10.     According to the same police report, Defendant Ilkham T. Akhmedov is a citizen of the Commonwealth of Pennsylvania who resides at 520 Adams Avenue, Scranton, Pennsylvania 18510.

11.     Defendant M&R Transport, LLC ("M&R") is a Domestic Limited Liability Company organized under the laws of the Commonwealth of Pennsylvania whose registered office is located at 1536 South Webster Avenue, Scranton, Pennsylvania 18505.  Because the United

States Court of Appeals for the Third Circuit has ruled that "the citizenship of an LLC is determined by the citizenship of its members," *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010), Defendants have endeavored in good faith to ascertain the identity(ies) and citizenship status of M&R's member(s).  To that end, Defendants have obtained a copy of M&R's Certificate of Organization from the Pennsylvania Department of State, which is attached hereto as Exhibit C.  Although that Certificate identifies M&R's organizer as Rustam Sayfullayev, and also notes Mr. Sayfullayev's address to be the same as M&R's registered office, it does not identify M&R's members.  Nor does the Federal Motor Carrier Safety Administration identify M&R's members, although its website advises that M&R is not actively operating. *See* Exhibit D.  In light of the fact that M&R's registered office is located in, and its organizer Rustam Sayfullayev and employee Ilkham T. Akhmedov reside in, Pennsylvania, Defendants respectfully submit, upon information and belief, that M&R is a citizen of the Commonwealth of Pennsylvania.

12. Although the Complaint in the State Court Action does not specify the precise amount of damages that the Plaintiff is seeking, the Complaint seeks an award of monetary damages resulting from a car accident in which the Plaintiff's decedent died after sustaining serious injuries purportedly due to the Defendants' alleged negligence.  Among other things, Plaintiff seeks damages for the Estate and on behalf of decedent's mother and two children, including "lost wages, benefits, and any and all financial [*sic*] permissible under and pursuant to N.J.S.A. 2A:31-3[,]" "all pecuniary losses, together with all hospital, medical and funeral expenses as specifically provided for under N.J.S.A. 31-3[,]" "compensatory damages, treble damages, exemplary damages, and conscious pain and suffering of AXEL MORAN, deceased, and that suffered by the heirs of the decedent as prescribed by all of the Laws of the State of New Jersey,

and in particular, N.J.S.A. 2A:31-4[,]" as well as "damages compensable under the Survival Act, N.J.S.A. 15-3."

13. In light of the Plaintiff's claims of substantial injury and damages, Defendants have a good faith and plausible basis to assert that the amount in controversy in the State Court Action exceeds $75,000, exclusive of interests and courts. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

14. Because, as established above, this matter is a civil action between citizens of different States and the amount in controversy exceeds $75,000, this Court possesses original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a).

15. As such, the Defendants may remove the State Court Action to this Court, the federal district court for the district embracing New Jersey—the place where the State Court Action is pending—pursuant to 28 U.S.C. § 1441(a).

16. Moreover, since none of the "parties in interest properly joined and served as defendants" is a citizen of New Jersey, removal is not foreclosed by 28 U.S.C. § 1441(b)(2).

17. Pursuant to 28 U.S.C. § 1446(d), the Defendants will provide the Plaintiff with written notice of this Notice of Removal promptly after the filing of this Notice, and a copy of this Notice of Removal will be filed concurrently with the Superior Court.

**WHEREFORE**, Defendants Scottie Thompson and Estes Express Lines hereby remove Docket Number ESX-L-003105-18 from the Superior Court of New Jersey, Law Division, Essex County to this Court, and they respectfully request that this Court enter an Order of Removal.

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.

By:   s/ MaryJane Dobbs
         MaryJane Dobbs, Esq.

Dated: June 4, 2018

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding, except as disclosed herein.

Respectfully submitted,
BRESSLER, AMERY & ROSS, P.C.

By:   s/ MaryJane Dobbs
         MaryJane Dobbs, Esq.

Dated: June 4, 2018

## CERTIFICATE OF SERVICE

On this day, I certify that a copy of the above and foregoing notice was caused to be filed by ECF. I also hereby certify that a true copy of the above and foregoing notice was electronically filed via e-Courts with the Clerk's Office, Superior Court of New Jersey, Essex County Courthouse.

I also hereby certify that a true copy of the foregoing Notice of Removal was delivered by U.S. Priority Mail and email to:

John M. Vlasac, Jr., Esq.
Vlasac & Shmaruk, LLC
467 Middlesex Avenue
Metuchen, New Jersey 08840
Email: jvlasac@vslaws.com
*Attorney for Plaintiff Estate of Axel Moran*
        s/ MaryJane Dobbs
        MaryJane Dobbs, Esq.

Dated: June 4, 2018